**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSHUA SCOTT RICHARDS,

      Defendant - Appellant.

No. 19-8044

———————————————————

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 2:19-CR-00015-SWS-1)**
———————————————————

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, and John C. Arceci, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Mark A. Klaassen, United States Attorney, and Timothy J. Forwood, Assistant United States Attorney, Cheyenne, Wyoming, for Plaintiff-Appellee.

———————————————————

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.

———————————————————

**BALDOCK**, Circuit Judge.

———————————————————

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Defendant–Appellant Joshua Richards pleaded guilty to one count of accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2). He received a sentence of twenty-four months' imprisonment followed by five years of supervised release. The district court imposed several special conditions of supervised release, which, as relevant here, relate to drugs and alcohol and require Defendant to submit to polygraph testing. On appeal, Defendant argues the district court erred in imposing these special conditions. He also challenges the length of his prison sentence as substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

I.

In 2018, the Wyoming Division of Criminal Investigation (DCI) obtained a search warrant to review the contents of Defendant's Tumblr account.[1] During the search and subsequent investigation, DCI agents discovered Defendant had re-blogged videos and images of child pornography to his private Tumblr account so he could later access and view the materials. Ultimately, Defendant was charged with and pleaded guilty to one count of accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2).

The probation office prepared a Presentence Investigation Report (PSR), which calculated Defendant's total offense level as twenty-eight and his criminal history

---

[1] Tumblr is an online microblogging and social media website where users post images, videos, text, and other content to their user profiles. Tumblr users can also, as Defendant did with the child pornography he found on the website, "reblog" posted material to their private Tumblr account so they can conveniently access it at any time.

category as I.  According to the sentencing guidelines, Defendant's total offense level of twenty-eight and category I criminal history resulted in an advisory guidelines sentencing range of 78–97 months' imprisonment.  Defendant moved for a downward variance based on mitigating circumstances, including his otherwise exemplary life, low risk to reoffend, commitment to treatment, financial and caretaker responsibilities for his wife and family, and history of suffering sexual abuse as a child.  These circumstances, Defendant argued, warranted a variance to a time-served sentence.  The Government, however, requested a sentence of two years' imprisonment.

At sentencing, the district court first declined to apply a two-level enhancement for the use of a computer in committing the offense.  Applying this offset, the district court advised that "a total offense level of 26 with a Criminal History Category I . . . establishes a 63- to 71-month advisory guideline range."[2]  After hearing the parties' arguments and "considering all the [§] 3553 factors," the district court determined "a sentence of 24 months is minimally sufficient but not greater than necessary to accomplish the objectives under [§] 3553."  Accordingly, the district court sentenced Defendant to twenty-four months' imprisonment plus five years of supervised release.

For the term of supervised release, the district court imposed three special conditions relating to drugs and alcohol based on Defendant's "history of substance

---

[2] As Defendant correctly points out, the upper end of the advisory guidelines sentencing range for a total offense level of 26 and criminal history category of I is 78 months, not 71 months.  *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.  The district court's misstatement in announcing the advisory guideline range, however, is of no consequence in our resolution of this appeal.

abuse." These conditions (1) require participation in a substance abuse treatment program; (2) authorize drug and alcohol testing at the probation office's direction; (3) prohibit the consumption or possession of alcohol and other intoxicants, and bar Defendant from entering establishments whose primary income is derived from alcohol sales. Defendant objected to these conditions "given the remoteness of any [substance] abuse." The district court overruled Defendant's objection, noting "the background and history is such that it is appropriate to impose those limitations and constraints."

The district court also imposed a special condition requiring Defendant to submit to periodic polygraph testing to ensure compliance with his supervised release and sex offender treatment program. Defendant objected to this condition on Fifth Amendment grounds. He argued the district court should include language protecting Defendant's privilege against self-incrimination and ensuring no violation proceedings or criminal prosecutions would arise based on the polygraph examination. The district court overruled the objection, but it did modify the condition and ordered that:

> any polygraph results or testing as part of the sex offender program or supervised release may not be used for purposes of instituting or instigating criminal charges. However, they may properly be used for the prosecution – or filing of a petition to revoke supervised release. And that's one of the fundamental purposes that they are properly utilized for.

Defendant objected to the modified condition on the same grounds, and the district court again overruled the objection.

Defendant now appeals. He argues the district court erred in imposing the drug and alcohol conditions, and he contends the polygraph requirement encroaches upon

4

his Fifth Amendment privilege against self-incrimination. In addition, Defendant argues his two-year sentence is substantively unreasonable.

## II.

On appeal, Defendant first challenges the district court's imposition of the special conditions of supervised release: (1) relating to drugs and alcohol; and (2) requiring him to undergo polygraph testing. We address each challenge in turn.

## A.

Defendant argues the special conditions relating to drugs and alcohol are unreasonable because any substance abuse occurred nearly twenty years ago and is too remote to support the conditions. Because Defendant objected to these special conditions at sentencing, we review the district court's decision to impose the conditions for abuse of discretion. *United States v. Wayne*, 591 F.3d 1326, 1331 (10th Cir. 2010). "[W]e will not disturb the district court's ruling absent a showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014) (quoting *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010)).

While a district court has broad discretion in fashioning special conditions of supervised release, Congress has limited this discretion in 18 U.S.C. § 3583(d). *Wayne*, 591 F.3d at 1331–32. Such conditions must be reasonably related to one of the following sentencing factors: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the deterrence of criminal conduct; (3) the protection of the public from further crimes by the defendant; and (4) the defendant's

5

educational, vocational, medical, or other correctional needs. *Id.* (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)–(D)). The conditions also must involve "no greater deprivation of liberty than is reasonably necessary" to deter criminal activity, protect the public, and promote the defendant's rehabilitation. 18 U.S.C. § 3583(d)(2) (citing §§ 3553(a)(2)(B)–(D)). And the conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3).

On the record before us, we cannot say the district court abused its discretion or manifested a clear error of judgment in imposing the challenged conditions relating to drugs and alcohol. It is true no drugs or alcohol were involved in the offense of conviction, and Defendant has never sought treatment for substance abuse. But the record reflects, and Defendant does not dispute, that he does have a history of substance abuse. *See United States v. Jordan*, 485 F.3d 982, 984–85 (7th Cir. 2007) (explaining drug and alcohol treatment and use conditions "are not necessarily reserved only for individuals with extensive personal histories of drug or alcohol abuse").

Based on the PSR alone, Defendant's drug and alcohol problems may appear divorced from the current offense and remote in time. But these were not the only facts before the district court. The evidence in the record regarding Defendant's decision to use child pornography instead of alcohol to deal with his frustration and stress rebuts the assertion that his history of substance abuse is too temporally remote to support the challenged conditions. *Cf. United States v. Ford*, 882 F.3d 1279, 1288 (10th Cir. 2018) (explaining defendant's background supported conclusion a nineteen-year-old sex

6

crime conviction was reasonably related to the imposition of sex offender conditions at sentencing for a non-sex crime).

In explaining his criminal conduct during his psychosexual evaluation, Defendant "talk[ed] about alcoholism 'running in the family'" and how "he assumed he could deal with his frustration by looking at pornography rather than drinking." Defendant admitted "[p]ornography use had become a daily practice for him in the months previous to his criminal investigations[,]" and he "supposed that pornography would not develop into anything that would cause him legal problems, nor that it would be addictive to him." Moreover, in a letter to the district court, Defendant's wife corroborated these statements by indicating she was "thankful that [Defendant] turned to porn rather than alcohol and/or drugs" as "an outlet for his stress[.]"

Given Defendant's past substance abuse in combination with the evidence concerning his decision to use child pornography rather than alcohol to deal with his frustration, the challenged conditions are reasonably related to his history and characteristics. Further, contrary to Defendant's argument, the special conditions are not inconsistent with the sentencing guideline's policy statement for substance abuse. *See* U.S.S.G. § 5D1.3(d)(4) (*recommending* treatment and use conditions "if the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol[,]" but also providing such conditions "may otherwise be appropriate in particular cases"). Based on Defendant's history and background, the district court could have reasonably concluded conditions preventing further use of drugs and alcohol will help ensure Defendant does not trade one vice for another and

that he will remain on the path to rehabilitation during his supervised release. Because the alcohol and drug conditions do not directly conflict with the relevant policy statement in the sentencing guidelines, the district court's decision to impose the conditions was not manifestly unreasonable. *See Bear*, 769 F.3d at 1230 (explaining § "3583(d)(3) mandates only that the conditions not directly conflict with the policy statements").

## B.

We next address Defendant's argument regarding the district court's inclusion of periodic polygraph testing as a special condition of his supervised release. Because Defendant argues, as he did in the district court, the polygraph condition violates his Fifth Amendment right against self-incrimination, we review his challenge de novo. *United States v. Von Behren*, 822 F.3d 1139, 1143–44 (10th Cir. 2016) (explaining we review de novo matters of constitutional law). Thus, "we will take a 'fresh, independent' look at the question at bar." *Id.* at 1144 (quoting *United States v. Rivas–Macias*, 537 F.3d 1271, 1276 (10th Cir. 2008)).

The special condition Defendant challenges requires him "to submit to periodic polygraph testing as a means to ensure that he is in compliance with the requirements of his[ ] supervision or treatment program." While "[t]he results of such polygraph testing cannot be used against [Defendant] in a new criminal proceeding, [they] can be used in a violation proceeding in this criminal case." Defendant argues this condition violates the Fifth Amendment because it authorizes revocation of his supervised release based on a valid invocation of his privilege against self-incrimination.

8

"To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Id.* (quoting *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County*, 542 U.S. 177, 189 (2004)). "There is no doubt that answering questions during a polygraph examination involves a communicative act which is testimonial." *Id.* And, as the Government recognizes, the polygraph examination to which Defendant must submit might elicit potentially incriminating statements that could "provide a 'lead' or 'a link in the chain of evidence needed to prosecute the' speaker." *Id.* at 1145 (quoting *United States v. Powe*, 591 F.2d 833, 845 n.36 (D.C. Cir. 1978)). After all, the purpose of a polygraph test is not to elicit honest responses to innocuous questions such as, for example, whether Defendant enjoyed his morning coffee.

The polygraph condition at issue, however, fails to satisfy the compulsion element of Defendant's Fifth Amendment claim. The Supreme Court has held that if the "state, either expressly or by implication, asserts that invocation of the privilege would lead to revocation of probation, it would have created the classic penalty situation, the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and inadmissible in a criminal prosecution." *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984). Put another way, "a threat to revoke one's probation for properly invoking his Fifth Amendment privilege is the type of compulsion the state may not constitutionally impose." *Von Behren*, 822 F.3d at 1150.

We recently addressed the compulsion element of a Fifth Amendment claim in *United States v. Von Behren*, where a condition of supervised release required the

9

defendant to answer four specific, incriminating questions about his past sexual activity. *Id.* at 1145. There, the "government asserted . . . it would seek Mr. Von Behren's remand to prison if he refused to answer [the] incriminating sexual polygraph questions because that refusal would (and did) ultimately result in his termination from the sex offender treatment program." *Id.* at 1150. We held this "threat constituted unconstitutional compulsion within the meaning of the Fifth Amendment." *Id.*

In reaching our conclusion, we distinguished the facts in Mr. Von Behren's case from those in *Minnesota v. Murphy*, where the Supreme Court concluded no unconstitutional compulsion existed. 822 F.3d at 1149–51; *accord Murphy*, 465 U.S. at 436–39. "Fifth Amendment jurisprudence did not apply to Mr. Murphy[,]" we explained, "because his probation officer neither affirmatively stated nor implied that Mr. Murphy's assertion of the privilege would result in the revocation of his probation." *Von Behren*, 822 F.3d at 1149 (citing *Murphy*, 465 U.S. at 437–38). "In other words, there was no threat." *Id.*

The Supreme Court's decision in *Murphy* and our analysis in *Von Behren* make this issue an easy one to resolve. Here, neither the Government nor any other entity has threatened—explicitly or by implication—to revoke Defendant's supervised release if he refuses to answer a question during a polygraph examination on valid Fifth Amendment grounds. Nothing in the record suggests the Government has attempted or intends "to take the extra, impermissible step" of compelling Defendant to incriminate himself. *See Murphy*, 465 U.S. at 436. To the contrary, the Government

10

affirms in its brief that "Defendant faces no risk of revocation based on validly asserting his privilege[ ] because such a revocation would be unlawful."

Nor does the polygraph condition, on its face, spell out that forbidden penalty. The condition provides "[t]he results of [Defendant's] polygraph testing . . . can be used in a violation proceeding in this criminal case." It does not follow from this language, however, that the condition permits revocation of Defendant's supervised release based on his refusal to answer polygraph questions on valid Fifth Amendment grounds. We do not read the district court's order to allow—much less endorse—the imposition of such a plainly unconstitutional penalty. *Cf. United States v. Mike*, 632 F.3d 686, 696 (10th Cir. 2011) (interpreting conditions of supervised release narrowly so as not to implicate significant liberty interests); *see also United States v. Davis*, 242 F.3d 49, 52 (1st Cir. 2001) (per curiam) (construing special condition of supervised release to avoid Fifth Amendment concerns).

While Defendant would have preferred the polygraph condition to include language ensuring the implementation of this requirement will comply with the Fifth Amendment, the absence of such limiting language does not render the condition unconstitutional or otherwise infirm. *See United States v. Pabon*, 819 F.3d 26, 29, 34 (1st Cir. 2016) (concluding polygraph-testing condition without limiting language did not violate the Fifth Amendment because it did not require the defendant to answer incriminating questions); *United States v. Lee*, 315 F.3d 206, 212 (3d Cir. 2003) (same). The Fifth Amendment—not the terms of a special condition—guarantees Defendant's privilege against self-incrimination. Accordingly, Defendant remains free

11

to legitimately exercise his Fifth Amendment right without facing the risk that a valid assertion of his privilege and refusal to incriminate himself during a polygraph examination will result in revocation of his supervised release.

If, at a later date, the Government changes its position and threatens to revoke Defendant's supervised release based on his valid invocation of his privilege against self-incrimination during a polygraph examination, Defendant may raise a Fifth Amendment challenge at that time. *See United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) ("By determining a challenge to the polygraph testing requirement to be generally ripe, however, we do not imply that all specific challenges to the *implementation* of this condition are necessarily ripe."). But until such an eventuality occurs (and hopefully it never does), we can only decide whether the challenged polygraph condition facially violates the Fifth Amendment. We conclude it does not.

III.

Defendant's final argument on appeal is that the twenty-four month sentence the district court imposed is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Cookson*, 922 F.3d 1079, 1090–91 (10th Cir. 2019). The district court abuses its discretion when it imposes a sentence that is "arbitrary, capricious, whimsical, or manifestly unreasonable" given "all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009)).

12

Applying the sentencing guidelines, the district court determined Defendant's total offense level of twenty-six and his criminal history category of I established an advisory guidelines range of 63–71 months' imprisonment. But the district court sentenced Defendant to 24 months' imprisonment, an amount below the advisory guidelines range, based on the circumstances of the case. We apply a "rebuttable presumption of reasonableness to a below-guideline sentence challenged by the defendant as unreasonably harsh." *United States v. Balbin–Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Defendant may rebut this presumption by demonstrating the sentence is unreasonable when viewed against the factors described in § 3553(a). *See United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015).

As a preliminary matter, Defendant argues (only to preserve the issue) that his sentence is manifestly unreasonable because U.S.S.G. § 2G2.2, the relevant sentencing guideline for Defendant's offense, is inherently flawed and lacks an empirical basis. We have previously heard and rejected this argument. *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). Thus, regardless of the alleged lack of empirical support for § 2G2.2, we apply the presumption of reasonableness to Defendant's sentence. *Id.*

Defendant contends the district court failed to give sufficient weight to, among other things, his lack of criminal history and the fact a shorter period of incarceration would have afforded adequate deterrence because he had never before served any time in custody. We disagree. The district court accounted for various mitigating factors, including Defendant's otherwise law-abiding life, his history of suffering sexual abuse

13

as a child, and the limited period of offense conduct. And based on these mitigating circumstances, the district court varied significantly downward.

But the district court also determined the nature and circumstances of the offense—namely, the amount and types of child pornography Defendant accessed—were important factors that weighed in favor of a custodial sentence. As the court explained, Defendant's behavior "is victimizing, it is troubling, and it's behavior that deserves and requires punishment." In short, the personal characteristics Defendant highlights on appeal are insufficient to rebut the presumption of reasonableness we must apply to his below-guideline sentence. We thus conclude, given all the circumstances of the case, the district court did not abuse its discretion in weighing the § 3553(a) factors and imposing a sentence of twenty-four months' imprisonment.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.