**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY STAN,

    Defendant - Appellant.

No. 21-1065
(D.C. No. 1:14-CR-00099-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **CARSON**, Circuit Judges.[**]
_____

Defendant Jeremy Stan served two years of his six-year term of supervised

release before violating his conditions.  A district court then sentenced him to prison

followed by another six years of supervised release.  Almost three years into his

second supervised-release term, Defendant violated his conditions, and the district

court again revoked his supervised release.  For the third time, the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

sentenced Defendant to prison followed by six years of supervised release, leading to this appeal.

On appeal, Defendant argues that the district court imposed a substantively unreasonable sentence. To be sure, the district court did not take Defendant's violations lightly—underscoring that its sentence would promote respect for the law and protect the public given Defendant's "constant dishonesty, manipulation, and continued violations of the law." And Defendant has indeed had difficulty under supervision. But his underlying crime carried the possibility of a lifetime supervised-release term. Thus, the district court correctly followed the statute and acted within its discretion in imposing its sentence.

I.

After pleading guilty to possession of child pornography in 2008, the United States District Court for the Western District of Missouri sentenced Defendant to seventy-two months' imprisonment followed by six years of supervised release. Almost one year into his first supervised-release term, Defendant transferred his supervision to the District of Colorado. Fourteen months later, law enforcement arrested Defendant for violating the terms of his supervised release by assaulting a peace officer, eluding, and driving under the influence. Defendant also violated his sex-offender-treatment program's rules, resulting in his discharge before successful completion. The district court revoked Defendant's supervised release and sentenced him to two years in prison consecutive to his state court sentence in Douglas County, Colorado. The district court imposed six years of supervised release to follow.

Defendant's second supervised-release term began in 2017.  Almost two and a half years later, Defendant pleaded guilty to driving under restraint.  Three months after that, law enforcement arrested him for driving under the influence, driving under restraint, failing to present proof of insurance, and driving carelessly.  Moreover, a different sex-offender-treatment program discharged Defendant for violating his treatment contract.  When his probation officer filed the petition to revoke supervised release, she listed twelve violations, including engaging in an unapproved relationship and contact with minors, failing to disclose his alcohol consumption and DUI arrest, failing to follow his probation officer's instructions, and making false statements to his probation officer.  Defendant admitted to eleven of the violations.

At the revocation hearing, Defendant requested that the district court not impose any new supervision. Defendant stressed that he had been in sex-offender treatment for five years and had attended many treatment sessions.  He contended that, for much of his time on supervised release, he participated positively in sex-offender treatment.  Defendant argued that he needed no additional supervision because he had shown no proclivity toward sex offenses since he committed the underlying sex offense in 2003 and the supervised-release conditions hindered his ability to obtain alcohol treatment.  Defendant also posited that because his sex offense authorized a lifetime supervised-release term, "no matter how much time [Defendant] spends on supervision . . . it is never able to be reduced."

3

When sentencing Defendant, the district court expressed concern about his repeated violations, observing Defendant's "constant dishonesty, manipulation, and continued violations of the law." To the district court, this reflected Defendant's general unwillingness to comply with his supervised-release terms. The court said that Defendant's actions "reinforce[d] the need for a second punitive sanction to impress upon [Defendant] the importance of complying with supervised release and ensuring the safety of the community when he is released from prison." The district court revoked Defendant's supervised release and sentenced him to twenty-four months' imprisonment, consecutive to any state sentence, followed by six years' supervised release. It reimposed the conditions relating to Defendant's sex-offender status because his underlying conviction was a sex offense and he previously failed to comply with those conditions. Defendant's secret-keeping from his probation officer and "the fact that he kept a second telephone when he knew he wasn't supposed to have one that he never cleared with the probation office" alarmed the district court. The court highlighted Defendant's lies to his probation officer, his failures to report to sex-offender treatment, and his failure to disclose that he was in a relationship with a woman with two minor children. The district court stressed that Defendant never completed sex-offender treatment and expressed concern "about the danger that [Defendant] could pose to young children because of his secretiveness, . . . his manipulation, [and] his attempt to get others to conspire in his lies." Because of Defendant's secretiveness, the district court doubted that his only problem was alcohol.

On appeal, Defendant challenges the substantive reasonableness of his six-year term of supervised release. Defendant posits that the district court failed to adequately weigh the mitigating arguments his counsel made: (1) Defendant's primary issues on supervised release stem from alcoholism for which the sex-offender conditions hinder his ability to obtain treatment; and (2) Defendant had not committed, or been inclined to commit, any sex offense since his underlying crime. Defendant also argues that the district court inadequately weighed the progress he made on supervision, his completion of five years' supervised release, and his potential to face a "revolving door" of supervised release and revocation for the rest of his life.

## II.

The district court must consider the sentencing factors Congress set out in 18 U.S.C. § 3553(a) before deciding to revoke a defendant's supervised release and before determining his sentence after revocation. United States v. McBride, 633 F.3d 1229, 1231 (10th Cir. 2011) (citations omitted). We defer to the district court's application of the § 3553(a) factors and "will not reverse a revocation sentence," if we can determine from the record that the sentence is "reasoned and reasonable." Id. at 1232 (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005)). A "reasoned" sentence is "procedurally reasonable," and a "reasonable" sentence is "substantively reasonable." Id. "To say that the district court acted reasonably—either procedurally or substantively—is to say that it did not abuse its discretion." Id. (citing United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214

5

(10th Cir. 2008)).  On appeal, Defendant challenges his sentence's substantive reasonableness.

Under the substantive-reasonableness standard, a district court abuses its discretion "when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010) (quoting United States v. Munoz–Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)).  Such deferential review makes sense.  "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) . . . ."  Gall v. United States, 552 U.S. 38, 51 (2007).  The facts and law often support a range of possible outcomes.  United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007).  So long as the imposed sentence "falls within the realm of these rationally available choices," we defer to the district court.  Id.  Moreover, "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."  United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

Stan has not rebutted this presumption by showing that his sentence is unreasonable when viewed against the § 3553(a) factors.  See United States v. Richards, 958 F.3d 961, 969 (10th Cir. 2020) (citing United States v. Craig, 808 F.3d 1249, 1261 (10th Cir. 2015)) ("Defendant may rebut this presumption by demonstrating the sentence is unreasonable when viewed against the factors described in § 3553(a).").  Indeed, the district court's sentence falls within the realm of rationally available choices.  The district court expressly considered the § 3553(a) factors.  It based its sentence on the nature and circumstances of the offense and the

history and characteristics of the defendant—reasoning that the imposed conditions did not deprive Defendant of greater liberty than reasonably necessary to accomplish the goals of sentencing.

After the district court sentenced Defendant, Defendant's attorney asked the court to clarify why sex-offender treatment was necessary. The district court expressed concern about Defendant's secret-keeping, such as keeping a second telephone without authorization. Defendant lied about his employment. He failed to report to the probation office or to sex-offender treatment and failed to disclose his relationship with a woman who had minor children. The record shows that Defendant produced deceptive polygraph results when asked if he engaged in sexual behaviors, exchanged nude photos, or communicated sexually with anyone on an electronic device. Polygraph results also indicated that he lied about consuming prohibited substances, viewing sexually explicit materials, and secretly spending time alone with a minor. The record reveals that Defendant told a therapist that he did not need sex-offender treatment because "he only looked at child pornography." During his first supervised-release term, Defendant hid that his girlfriend had an eight-year-old son with whom he spent time alone. And he never completed sex-offender treatment, though his underlying conviction was for a sex crime. As a result, the district court informed Defendant that it was "very concerned about the danger that he could pose to young children because of his secretiveness, with his manipulation, [and] his attempt to get others to conspire in his lies." Thus, the district court

appropriately exercised its discretion to impose special supervised-release conditions involving sex-offender treatment.

Despite its thorough and well-reasoned application of the § 3553(a) factors to the facts, Defendant asserts that the district court failed to meaningfully consider his longstanding alcoholism and lack of recidivism. We disagree. The district court considered Defendant's need for alcohol treatment and included conditions designed to address his alcoholism—requiring that he participate in a substance-abuse program, abstain from alcohol and intoxicants, not enter a business selling principally alcohol, and participate in a mental-health-treatment program. Though Defendant complains he cannot get treatment for alcoholism because of his sex-offender conditions, he completed seventy-three out of eighty-three substance-abuse-treatment sessions during his second supervised-release term—even if Defendant does not consider this meaningful treatment. And while no evidence reveals that Defendant committed any subsequent sex offense, he never completed sex-offender treatment or complied with the conditions of his release related to his sex-offender status.

Next, Defendant complains that when imposing the six-year supervision term, the district court failed to consider that later courts could sentence him indefinitely for conduct unrelated to his original offense. But the district court acted within its discretion in imposing six more years of supervised release. It noted Defendant's failure to comply with his supervised-release conditions—alcohol and sex-offender treatment. And as the district court said, had Defendant complied, he would be free of the court by now. Defendant must learn to follow the rules. United States v.

<u>DeMarrias</u>, 895 F.3d 570, 575 (8th Cir. 2018) (affirming reasonableness of supervised-release-violation sentence when the defendant repeatedly violated and admitted that he was unlikely to comply with any supervised-release program).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge