**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 6, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH MOISES ORTIZ,

    Defendant - Appellant.

Nos. 21-2106 & 22-2026
(D.C. No. 1:19-CR-02853-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Following his conviction and incarceration for a gun crime, Joseph Moises

Ortiz has twice had his supervised release revoked. After each revocation, the

district court imposed additional incarceration followed by supervised release. And

each term of supervised release included a special condition requiring Mr. Ortiz to

participate in outpatient substance-abuse treatment, a condition that he challenges in

each of these consolidated appeals. He is no longer serving the supervised-release

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

term underlying his first appeal (No. 21-2106), so we dismiss that appeal as moot. In his second appeal (No. 22-2026), we affirm because the district court did not abuse its discretion by requiring substance-abuse treatment.

## I. Background

Mr. Ortiz pleaded guilty to being a felon in possession of a firearm and ammunition. The district court sentenced him to a prison term followed by supervised release. His probation officer later petitioned to revoke Mr. Ortiz's supervised release, alleging he had violated three conditions. Mr. Ortiz admitted the violations, and the court again imposed incarceration followed by supervised release. One condition of the supervised release required Mr. Ortiz to participate in outpatient substance-abuse treatment. Mr. Ortiz challenges that condition in Appeal No. 21-2106.

While Appeal No. 21-2106 has been pending, the probation officer again petitioned to revoke Mr. Ortiz's supervised release, alleging he had violated a condition requiring him to complete a term in a residential reentry center. Mr. Ortiz admitted the violation, and once again the court ordered incarceration and supervised release. Over Mr. Ortiz's objection, the court again included a special condition requiring him to participate in outpatient substance-abuse treatment. Mr. Ortiz challenges the condition again in Appeal No. 22-2026.

## II.  Discussion

### A.  We lack jurisdiction in Appeal No. 21-2106.

We first consider whether Appeal No. 21-2106 is moot "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[1] *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted).  To decide if a case is moot, we ask "whether granting a present determination of the issues offered will have some effect in the real world.  When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."  *Id.* (internal quotation marks omitted).

A decision in Appeal No. 21-2106 will have no real-world effect.  The district court has revoked the supervised release associated with Appeal No. 21-2106, so Mr. Ortiz is no longer subject to *that* term of supervised release.  Nor did a violation of the condition he challenges—the one requiring outpatient treatment—serve as a basis for his second revocation.  For these reasons, Appeal No. 21-2106 is moot.  *See United States v. Wynn*, 553 F.3d 1114, 1119 (8th Cir. 2009) (holding that because the defendant's "term of probation was revoked, his appeal of the conditions of probation is moot except to the extent that he alleges the revocation was based on a purported violation of an invalid condition" (citation omitted)).

---

[1] Although the parties do not raise mootness, we have an independent obligation to determine whether subject-matter jurisdiction exists.  *See Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019).

**B. The district court did not abuse its discretion in Appeal No. 22-2026.**

The propriety of the outpatient-treatment condition remains a live issue in Appeal No. 22-2026, however, because Mr. Ortiz is still subject to the supervised-release term associated with that appeal. We review the district court's decision to impose the condition for an abuse of discretion. *See United States v. Richards*, 958 F.3d 961, 965 (10th Cir. 2020). A district court abuses its discretion if it relies on a clearly erroneous factual finding or an erroneous legal conclusion, or if its ruling "manifests a clear error of judgment." *Id.* (internal quotation marks omitted).

District courts enjoy broad discretion to impose special conditions of supervised release. *Id.* But that discretion has limits. *See id.* A special condition must satisfy three criteria:

1. It must be reasonably related to certain sentencing factors, including the defendant's history and characteristics.

2. It must involve no greater liberty deprivation than reasonably necessary to deter criminal activity, protect the public, and promote rehabilitation.

3. And it must be consistent with any pertinent Sentencing Commission policy statements.

*See id.*; 18 U.S.C. § 3583(d). These criteria are met by the condition requiring Mr. Ortiz to participate in outpatient treatment.

*First*, the outpatient-treatment condition is reasonably related to Mr. Ortiz's history and characteristics. The record contains evidence that he drank and used cocaine before going to prison for a different crime in 1991. After his release, he

4

used alcohol for a few years but stopped in 2000. He felt tempted to use cocaine again after his release from the earlier prison term, but he resisted, helped in part by participating in Narcotics Anonymous. He also felt urges to use drugs during his original prison term in this case, but again he resisted. During his first term of supervised release in this case, his probation officer filed a report saying that he had tested positive for marijuana and had failed to report using a Suboxone prescription.[2] All this information supports the district court's decision to require substance-abuse treatment.

At the same time, though, Mr. Ortiz marshals information that, in his view, shows he does not abuse drugs. He highlights, for example, that most of his substance use occurred many years ago, that neither his revocations nor his underlying offense involved drugs, and that his criminal history includes no drug offenses. These are fair points. Yet we still must conclude that the condition requiring outpatient treatment is *reasonably* related to Mr. Ortiz's history and characteristics. In this situation, with information pointing in different directions, the discretion given to the district court makes all the difference. Perhaps it would have

---

[2] The record contains inconsistent information about Mr. Ortiz's Suboxone use. Although a filing says that the probation officer's report claimed that Mr. Ortiz failed to report using a Suboxone prescription, the officer said at the second revocation hearing that Mr. Ortiz had used Suboxone without a prescription. This inconsistency does not affect our analysis; either scenario supports the court's decision.

been reasonable not to require outpatient treatment.  But we ask only whether requiring treatment amounted to a clear error of judgment.  It did not.

We are not persuaded otherwise by Mr. Ortiz's argument that the district court "acknowledged that drugs were not Mr. Ortiz's problem at the first revocation hearing."  22-2026 Opening Br. at 12.  True enough, the court opined that drug abuse was "not the problem right now."  R. vol. 2 at 52.[3]  Coming on the heels of several outbursts from Mr. Ortiz, however, this statement appears merely to recognize that Mr. Ortiz's primary problem was anger.

Contrary to Mr. Ortiz's argument, *Richards* supports the district court's decision.  In *Richards* we upheld a special condition requiring the defendant to participate in substance-abuse treatment even though his substance abuse had occurred nearly twenty years earlier.  958 F.3d at 965–66.  We did so in part because the record showed that he had used "child pornography rather than alcohol to deal with his frustration."  *Id.* at 966.  As Mr. Ortiz underscores, the record in his case does not show precisely the same risk articulated in *Richards*—that the defendant might "trade one vice for another."  *Id.*  But, as in *Richards*, the record does provide reason to think that substance-abuse treatment might be necessary to ensure the defendant "will remain on the path to rehabilitation during his supervised release."  *Id.*

---

[3] Record citations in this decision refer to the record in Appeal No. 22-2026.

*Second*, requiring substance-abuse treatment does not impose a liberty deprivation greater than reasonably necessary to deter criminal activity, protect the public, and promote rehabilitation. Arguing that drug testing alone would have been sufficient, Mr. Ortiz points out that his probation officer recommended testing but not treatment. And, according to his probation officer, after he tested positive for marijuana, they "worked past it" and there had not "been any issues with that since." R. vol. 2 at 82. Even so, taken as a whole, the record does not allow us to conclude that the treatment condition restricts Mr. Ortiz's liberty more than reasonably necessary.

*Third*, the condition requiring substance-abuse treatment is consistent with the pertinent Sentencing Commission policy statement. The Sentencing Commission recommends a treatment condition if "the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." U.S. Sent'g Guidelines Manual § 5D1.3(d)(4) (U.S. Sent'g Comm'n 2021). And even if there is no reason to believe the defendant is a controlled-substance abuser, treatment "may otherwise be appropriate in particular cases." *Id.* § 5D1.3(d); *see Richards*, 958 F.3d at 966. The information we outlined above gave the district court reason to think Mr. Ortiz struggles with substance abuse, so the treatment condition is consistent with the pertinent policy statement. *See United States v. Bear*, 769 F.3d 1221, 1231 (10th Cir. 2014) (explaining that "§ 3583(d)(3) mandates only that the conditions not directly conflict with the policy statements").

7

### III.  Conclusion

We dismiss Appeal No. 21-2106.  We affirm the district court's judgment in Appeal No. 22-2026.

Entered for the Court


Joel M. Carson III
Circuit Judge