**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ADONIJAH LINDSAY,

    Defendant - Appellant.

No. 24-6168
(D.C. No. 5:23-CR-00328-HE-1)
(W.D. Okla.)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————————

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.

————————————————————

In this appeal, Adonijah Lindsay, a federal prisoner, challenges one of the special conditions of supervised release the district court imposed as part of his sentence—that he abstain from drinking alcohol and not frequent any establishment whose main business is alcohol.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Reviewing only for plain error, we affirm the district court's judgment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

In June 2020, Lindsay obtained a $74,000 Economic Injury Disaster Loan ("EIDL") from the United States Small Business Administration ("SBA").  The EIDL "program provided low-interest loans to small businesses affected by the COVID-19 pandemic" and required applicants "to disclose their gross revenues for the twelve-month period ending on January 31, 2020."  R. vol. I at 7.  In his EIDL application, Lindsay claimed his business had $200,000 in gross revenues in the twelve months prior to January 31, 2020.  But the claim was false; during that period, Lindsay was incarcerated in federal prison for a 2011 conviction in New Jersey.  He was discharged from custody for that conviction in October 2020 and began a five-year term of supervised release, which included a condition that he refrain from using alcohol and illegally using drugs.

In August 2023, a federal grand jury charged Lindsay with two counts of wire fraud in violation of 18 U.S.C. § 1343 based on his role in a scheme to defraud the SBA through his EIDL application.  Lindsay pleaded guilty to those charges.  His final presentence investigation report ("PSR") calculated a guidelines imprisonment range of 24 to 30 months.  That range was due in part to the total loss tied to Lindsay's conduct, taking into account other fraudulent EIDL applications with which he was involved.  The PSR also recommended conditions of supervised release.  One of the special conditions required Lindsay to "participate in a program of substance abuse aftercare at the direction of the probation officer," "totally abstain from the use of alcohol and other intoxicants," and "not frequent bars, clubs, or other

2

establishments where alcohol is the main business." R. vol. II at 68, ¶ 118.[1] Lindsay had reported to the PSR's author that he had "first consumed alcohol at age 12 and last consumed on New Year's in January 2023"; "he rarely drinks"; and "he first used marijuana at age 13 and last used in 2020," but "he does not use marijuana often." *Id.* at 65, ¶¶ 94–95. The PSR also noted that a "previous [PSR] reflects that [Lindsay] reported he used to drink to the point of passing out prior to age 18," *id.*, ¶ 94, and that in November 2020, Lindsay "underwent a substance abuse assessment . . . and was found not in need of treatment," *id.* at 66, ¶ 96.

In advance of sentencing, Lindsay objected to the total-loss calculation, but he did not object to the alcohol-related special condition. At sentencing, the district court overruled Lindsay's total-loss objections and then asked defense counsel if there were any other objections. Counsel referred to objections regarding restitution and forfeiture she had lodged earlier but indicated they had been resolved. The court then adopted the PSR as its findings and sentenced Lindsay to 36 months in prison and five years of supervised release. The court imposed the special conditions suggested in the PSR, "[i]n particular . . . the requirement for participation in a program of substance abuse after care as stated in Paragraph 118." R. vol. III at 64; *see also* R. vol. I at 55 (judgment imposing the special condition, including alcohol

---

[1] This document was filed under seal. The court has determined that the public's right of access to the information quoted or summarized in this order and judgment outweighs any confidentiality or privacy interests, given the need to provide a proper, publicly available explanation of the court's decision. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011).

restriction). When the court asked if defense counsel knew "of any reason why the sentences imposed . . . would be improper" and if there was "any question as to the adequacy of the explanation for the various special conditions [the court had] imposed," defense counsel responded "No" to each question. R. vol. III at 65.

## II. Discussion

On appeal, Lindsay argues that the district court erred by imposing the special condition of supervised release that requires him to abstain from the use of alcohol and not frequent establishments where alcohol is the main business. Lindsay did not object to these alcohol-related restrictions at sentencing, so we review for plain error. *See United States v. Francis*, 891 F.3d 888, 898 (10th Cir. 2018).[2] "To show plain error, a defendant must demonstrate that the district court committed (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

"An error is plain if it is clear or obvious under current law." *Id.* (internal quotation marks omitted). The government does not contest Lindsay's argument that the district court committed a plain error by failing to give at least a generalized

---

[2] The government argues that because the district court specifically brought the alcohol-related restrictions to defense counsel's attention at the close of sentencing and asked if there was any objection to the sentence or to the adequacy of the court's explanation for the special conditions, Lindsay's failure to make a proper objection amounts to a waiver and disentitles him to plain error review. *See United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (explaining that a party who "has *forfeited* a right by failing to make a proper objection may obtain relief for plain error; but a party [who] has *waived* a right is not entitled to appellate relief."). Lindsay contends that at most, defense counsel forfeited an objection. Given that Lindsay cannot prevail under plain error review, we decline to resolve this issue.

statement of its reasons for imposing the alcohol-related restrictions. We will assume Lindsay is correct. *See id*. at 899 ("[T]o explain why it is imposing a special condition, a sentencing court need not provide reasons for each specific condition that it imposes; rather, it must only provide a generalized statement of its reasoning." (brackets and internal quotation marks omitted)). But we agree with the government that Lindsay cannot show the error affected his substantial rights.

"A plain error affects a defendant's substantial rights if the error affected the outcome of the district court proceedings." *Id.* at 898 (internal quotation marks omitted). "And under plain error review, we may vacate special conditions of supervised release only if the record reveals *no basis* for the conditions." *Id.* (emphasis added) (brackets and internal quotation marks omitted). "This is because if the record reveals a basis, there is no reasonable probability that but for the error the defendant's sentence would be different and thus the proceeding's fairness was not impacted." *Id.* (brackets and internal quotation marks omitted).

"District courts have broad discretion to prescribe special conditions of release, but that discretion has limits." *Id.* (brackets and internal quotation marks omitted). First, a special condition of supervised release must be reasonably related to at least one of the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). *Id.*; *see also* 18 U.S.C. § 3583(d)(1) (cross-referencing same statutory factors). Those factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); and "the need for the sentence imposed" to "afford adequate deterrence to criminal conduct,"

5

§ 3553(a)(2)(B), "protect the public from further crimes of the defendant,"
§ 3553(a)(2)(C), and "provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most effective manner,"
§ 3553(a)(2)(D).  Second, the condition must "involve[] no greater deprivation of
liberty than reasonably necessary for the purposes set forth in [§] 3553(a)(2)(B),
(a)(2)(C), and (a)(2)(D)."  § 3583(d)(2).  And third, the condition must be "consistent
with any pertinent policy statements issued by the Sentencing Commission."
§ 3583(d)(3).

The pertinent policy statement from the Sentencing Commission is
§ 5D1.3(d)(4) of the United States Sentencing Guidelines, which provides:  "If the
court has reason to believe that the defendant is an abuser of narcotics, other
controlled substances or alcohol," the court may impose "a condition specifying that
the defendant shall not use or possess alcohol."  Lindsay contends that the
alcohol-related restrictions are inconsistent with § 5D1.3(d)(4) because there is no
record evidence that he "*is* an *abuser* of narcotics, other controlled substances, or
alcohol."  Opening Br. at 13 (emphasis added).  He notes that although he had a
problem with alcohol as a juvenile and started using marijuana when he was 13, he
was 39 years old at the 2024 sentencing, he reported that he now "rarely drinks," and
there was no evidence regarding the extent or frequency of his marijuana use, which
last occurred in 2020.  *Id.* (internal quotation marks omitted).  Lindsay further notes
that none of his convictions—including the wire fraud conviction at issue here—and
none of his prison disciplinary violations indicate any concerns about or connections

6

to substance abuse. He also reminds us that while on federal supervised release in 2020, he had a substance abuse assessment that determined he was not in need of treatment. Based on all this, he concludes that if the district court had made the required findings, it would have found that the alcohol-related restrictions were "a greater deprivation of liberty than reasonably necessary to support the purposes of sentencing." *Id.* at 15.

We disagree. First, Lindsay's argument that the alcohol-related restrictions are inconsistent with the policy statement in § 5D1.3(d)(4) rests on an incomplete reading of the policy statement. Section 5D1.3(d)(4) does not require that a defendant be a current abuser of any controlled substances or alcohol. It states that if the sentencing "court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol," a substance-abuse restriction is "recommended." § 5D1.3(d)(4). But it also provides that, "*in addition*," such a restriction "may otherwise be appropriate in particular cases." § 5D1.3(d) (flush language) (emphasis added); *see United States v. Richards*, 958 F.3d 961, 966 (10th Cir. 2020) (noting that § 5D1.3(d) encompasses not only current abuse but also other scenarios where special conditions regarding substance abuse might be appropriate).

Second, there is some basis in the record that the alcohol-related restrictions are not only "appropriate" in this case for § 5D1.3(d) purposes, but also reasonably related to at least one of the § 3553(a) factors listed in § 3583(d)(1) and do not involve a greater deprivation of Lindsay's liberty than reasonably necessary for the

sentencing factors set forth in § 3553(a)(2)(B)–(D). As noted above, Lindsay admitted to using alcohol since age 12 and "used to drink to the point of passing out prior to age 18." R. vol. II at 65, ¶ 94. He admitted to last consuming alcohol "on New Year's in January 2023," *id.*, and as his PSR indicates, he was soon thereafter arrested for fraud and larceny that occurred in November 2022, *see id.* at 60–61 (showing arrest on January 13, 2023). He also admitted to using marijuana from age 13 until 2020.

These circumstances show that Lindsay has been a long-time user of alcohol and marijuana. He used both in 2020, when he obtained the EIDL loan and participated in other fraudulent EIDL loan applications. He also used at least alcohol while on supervised release from the 2011 conviction, which was contrary to the condition that required him to abstain from using alcohol, and up until New Year's Eve 2023, a period that encompasses his November 2022 conduct that led to his 2023 arrest for fraud and larceny. Lindsay's long-term use of alcohol and marijuana, coupled with his inability to comply with the 2011 abstinence condition and his 2023 arrest, supports that the alcohol-related restrictions are reasonably related to his history and characteristics (the § 3553(a)(1) factor) and to the need to provide correctional treatment during his term of supervised release for the conviction here (the § 3553(a)(2)(D) factor). It also provides a basis for concluding that the restrictions are not a greater deprivation of liberty than reasonably necessary for the purposes of the relevant § 3553(a)(2) sentencing factors.

Lindsay's reliance on four cases where other circuit courts vacated an alcohol-related restriction does not alter our conclusion.  Three of those are of limited usefulness because they involved an abuse-of-discretion standard of review, not the more rigorous plain-error standard applicable here.  *See United States v. Prendergast*, 979 F.2d 1289, 1292 (8th Cir. 1992) (reviewing for an abuse of discretion); *United States v. Modena*, 302 F.3d 626, 636 (6th Cir. 2002) (same); *United States v. Betts*, 511 F.3d 872, 874 (9th Cir. 2007) (same).  But regardless of this distinction, none of these cases persuades us that but for the district court's failure to provide a generalized statement of its reasons for imposing the alcohol-related restrictions, there is a reasonable probability that Lindsay's sentence would be different.  Like Lindsay's case, there was no evidence in any of the three cases that alcohol had played any role in the defendant's crime, but there was also no evidence the defendant had any past problems with alcohol.  *See Prendergast*, 979 F.2d at 1293; *Modena*, 302 F.3d at 636; *Betts*, 511 F.3d at 880.[3]  As we have recounted, there is evidence that Lindsay had a past problem with alcohol.  Although Lindsay claims that problem occurred only during his teenage years, he admitted he was unable to comply with the alcohol restriction imposed as part of his 2011 sentence, which also

---

[3] And in *Betts*, the Ninth Circuit reversed because the district court imposed the condition only to compel the federal public defender's office to change its policy of instructing criminal defendants not to answer probation officers' questions about drug and alcohol use.  *See* 511 F.3d at 880–81.

distinguishes this case from *Prendergast*, *Modena*, and *Betts*, and supports the alcohol-related restrictions here.[4]

The fourth case Lindsay relies on, *United States v. Herrera-Angeles*, 804 F. App'x 244 (5th Cir. 2020), involved plain error review, but it is distinguishable and therefore unpersuasive here. In *Herrera-Angeles*, the district court imposed a no-alcohol condition on the defendant without any supporting factual findings. *Id.* at 247. The Fifth Circuit concluded that the district court committed a plain error that affected the defendant's substantial rights because the defendant had never used alcohol or drugs, and the condition was not mentioned in the PSR. *Id.* In contrast here, Lindsay has used alcohol and marijuana, and the PSR recommended imposing the special condition.[5]

---

[4] Lindsay argues that drinking alcohol while under the alcohol restriction imposed as part of his sentence for the 2011 New Jersey conviction "does not mean the restriction was reasonable then or now." Reply at 7. But we may not assess the reasonableness of the 2011 condition.

[5] The parties inform us that during the pendency of this appeal, the government filed a motion in the district court to remove the alcohol-related restrictions. Lindsay opposed the motion on the ground that this appeal deprived the district court of jurisdiction to grant the requested relief. The district court assumed that was so but nonetheless denied the motion, explaining that although there were "less compelling reasons to impose the disputed conditions than are often present," Lindsay has "a history of substance abuse," neither party objected at sentencing to the alcohol-related restrictions or the basis for them, "[s]entencing is not a continuing negotiation," and "something more compelling than avoiding an issue on appeal is necessary to warrant reopening the process." *United States v. Lindsay*, No. 5:23-cr-328, Order at 1–2 (W.D. Okla. Apr. 22, 2025). The government urges us to consider Lindsay's opposition to its motion as part of analyzing the fourth prong of plain error review. But our conclusion that Lindsay cannot meet the third prong renders it unnecessary to reach the fourth prong. That said, nothing in our decision

### III.  Conclusion

We affirm the district court's judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

today should be read as precluding the district court from removing the alcohol-related restrictions in the future.